UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim No. 11-032 (JRT/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| DONALD LEIGH CLARK, JR. (01), CRUZE ANTHONY WHITE (02), | |
| Defendants. | |

---

Clifford Wardlaw, Assistant United States Attorney, for the Government.

Andrea George, Assistant Federal Defender, for Donald Leigh Clark, Jr.

Paul Engh, Esq., for Cruze Anthony White.

---

This matter is before the undersigned United States Magistrate Judge upon the Defendants' Motion to Dismiss the Superseding Indictment.[1]  The Motion has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that the Defendants' Motion to Dismiss be denied.

**I.     BACKGROUND**

In a Superseding Indictment filed on March 8, 2011, Defendants are each charged with one count of murder in the first degree, one count of murder in the second degree, two counts of

---
[1] The Motion to Dismiss was filed by Defendant Cruze Anthony White, and Defendant Donald Leigh Clark, Jr., has joined in the Motion.  (See, Dkt. 64).

1

assault with the intent to commit murder, one count of assault with a dangerous weapon, and one count of discharging a firearm during the commission of a crime of violence.

This case arises out a shooting that occurred on or about November 3, 2010, within the exterior boundaries of the Red Lake Indian Reservation. The incident occurred between Defendants and the alleged victims in this case, namely Julian Keith DeMarris, Jerrick Jon DeMarris, and Orland James Spears. Shortly before the incident, Defendants were travelling in one vehicle, and the alleged victims were travelling in a second vehicle. The Defendants and the alleged victims got out of their vehicles and they exchanged gunfire. During the incident, the three alleged victims suffered gunshot wounds. Julian DeMarris died as a result of the gunshot wound inflicted during the incident, and Jerrick DeMarris and Orland Spears were taken to hospitals for treatment of the gunshot wounds they received. Defendants claim that they were acting in self-defense and that the alleged victims were the initial aggressors. For instance, Spears told law enforcements agents that when the alleged victims came to the scene of the crime they "hopped out of their vehicle with the intent of shooting at [the Defendants]," and that "they had wanted to 'send [the Defendants] on a helicopter ride." (See, Aff. of Special Agent Robert Mertz, Dkt. 3, at p. 2 ¶s 16-17). Defendants also point to a witness, who may have told law enforcement agents that the alleged victims got out of their vehicle first, with at least one of the victims initially pointing a gun at the Defendants' vehicle. (Id. at pp. 4-5 ¶s 36-37).

## II. DISCUSSION

The Defendants argue that the Superseding Indictment should be dismissed, pursuant to the Court's inherent supervisory authority over the grand jury process, because the Defendants' self-defense claim "undercuts the grand jury's finding of probable cause." Defendants argue that

"if the grand jury had been instructed as [sic] not only the law of probable cause but self-defense, there would have been a no bill."  The Court understands the Defendants to claim that the failure to present self-defense to the grand jury has undermined the grand jury's independent evaluation of the evidence and its resultant finding of probable cause, thereby rendering the Superseding Indictment defective.

"An indictment must set forth each element of the crime that it charges."  Almendarez-Torres v. United States, 523 U.S. 224, 228 (1998).  Rule 7(c)(1) of the Federal Rules Criminal Procedure provides that an "indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  "An indictment complies with all of these requirements . . . if it (1) 'contains the elements of the offense charged,' (2) 'fairly informs a defendant of the charge against which he must defend' and (3) 'enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'"  United States v. Titterington, 374 F.3d 453, 456 (6th Cir. 2004), cert. denied, 543 U.S. 1153 (2005), quoting Hamling v. United States, 418 U.S. 87, 117 (1974).  "An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits."  United States v. Zangger, 848 F.2d 923 (8th Cir. 1988), quoting Costello v. United States, 350 U.S. 359, 363 (1956).

The Supreme Court has held that the court's "supervisory power can be used to dismiss an indictment because of misconduct before the grand jury, at least where that misconduct amounts to a violation of one of those 'few, clear rules which were carefully drafted and approved by this Court and by Congress to ensure the integrity of the grand jury's functions." United States v. Williams, 504 U.S. 36, 46 (1992), quoting United States v. Mechanik, 475 U.S. 66, 74 (1986)(O'Connor, J., concurring in judgment), and citing Bank of Nova Scotia v. United

3

States , 487 U.S. 250 (1988).  "However, before misconduct may serve as the predicate for dismissal, it must be established that the independence of the grand jury in making its decision to indict, was thereby tainted." United States v. Alexander, 736 F. Supp. 968, 999-1000 (D. Minn. 1990)(noting that an indictment may be challenged for alleged constitutional violations and for violations of grand jury procedure), citing Bank of Nova Scotia, supra.

As relevant in the present case, "[i]t is well established that an indictment returned by a legally constituted and unbiased grand jury 'is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence.'" United States v. Vincent, 901 F.2d 97, 99 (8th Cir. 1990), quoting United States v. Calandra, 414 U.S. 338, 345 (1974). Moreover it "is well-settled that a defendant may not challenge an Indictment on the ground that evidence favorable to a defendant had not been presented to the Grand Jury." United States v. Finn, 919 F.Supp. 1305, 1327 (D. Minn. 1995), citing United States v. Williams, 504 U.S. 36 (1992)(holding that district court may not dismiss indictment on the grounds that the Government failed to disclose to the grand jury "substantial exculpatory evidence" in its possession).

Most important for purposes of the present case, in United States v. Sisson, 399 U.S. 267, 288 (1970), the Supreme Court held that an indictment, in order to be sufficient, need not anticipate affirmative defenses.  See also, United States v. Carroll, 1992 WL 333958 at *2 (D.Mass Oct. 14, 1992)(finding that defendant's claim that he was entrapped was not an appropriate grounds for the dismissal of an otherwise valid indictment because entrapment "is an affirmative defense which the defendant may raise at trial"); United States v. Alvarez, 2009 WL 3459219 at *3 (S.D.N.Y. Oct. 27, 2009)("The Defendant may raise as an affirmative defense that consent to re-enter the United States was not required, but it is not an element of the offense that

4

the Government must prove, or include in the Indictment"); United States v. Fillers, 2010 WL 3655868 at *5 (E.D.Tenn. Sept. 14, 2010)("While an indictment count must be struck if it does not allege a crime . . . an indictment need not recite and rule out all possible defenses.")

Based upon the above case law, the Court is constrained to find that the Defendants have failed to present a proper basis for dismissal of the Superseding Indictment.  First, Supreme Court precedent establishes that an indictment need not anticipate affirmative defenses, and therefore, the grand jury need not determine whether probable cause has been negated by a potential affirmative defense of the Defendants.  Moreover, the Government's failure to present evidence favorable to the Defendants or their claim of self-defense is by itself not a basis for dismissal of the Superseding Indictment.  The Defendants have not presented the Court with any other reason to believe that the Government engaged in prosecutorial misconduct that would otherwise undermine the integrity and independence of the grand jury.[2]  In other words, the Defendants have failed to present any basis for concluding that the independent role of the grand jury has been impaired in this case.

Defendants' objection to the adequacy of the grand jury proceeding appears to be based, at least in part, on the Government's decision not to file charges against the alleged victims, who Defendants assert "are perpetrators of admitted crimes of violence against the indicted defendants."  However, prosecutors have broad discretion to make charging decisions, and "'so long as the prosecutor has probable cause to believe that the accused committed an offense

---

[2] Recognizing that the case law was not on their side, during the course of the hearing the Defendants asked the Court to extend the law to cover the present circumstances pursuant to its supervisory authority.  In declining to accept the Defendants' invitation to extend the law, the Court is mindful of the Supreme Court's admonition in United States v. Williams, 504 U.S. at 46-47, that the Court's supervisory authority over the grand jury proceedings is not a means for **prescribing** the standards of prosecutorial conduct during the course of grand jury proceedings, but rather, it is a means for enforcing the standards that have already been imposed.

defined by statute, the decision whether or not to prosecute, and what charge to file . . . generally rests entirely in his discretion.'" United States v. Jacobs, 4 F.3d 603, 604 (8th Cir. 1993), quoting Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978).  This discretion necessarily includes who to charge and with what crimes, and the Government's decision in this respect will not be disturbed unless the decision was based on an impermissible factor.  See, Jacobs, 4 F.3d at 604-05 (a prosecutor may not file charges out of vindictiveness or in retaliation for a defendant's exercise of legal rights, or based upon race, religion or some other arbitrary or unjustifiable factor).  On the present record, there is no reason to believe that the Government has made prosecutorial decisions in connection with the shooting that occurred on November 3, 2010, based on an impermissible factor.  Therefore, because the matter is committed to prosecutorial discretion, the Court also does not believe that the Government's failure to charge the alleged victims with a crime undermines the integrity of the grand jury process.

### III.    RECOMMENDATION

1. Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss the Superseding Indictment [Docket No. 62] be **DENIED**.


Dated: April 15, 2011                          s/Leo I. Brisbois
                                               LEO I. BRISBOIS
                                               United States Magistrate Judge


### N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by April 29, 2011,** a writing that

6

specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.