# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 11-032 (JRT/LIB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| (1)   DONALD LEIGH CLARK, JR., | |
| (2)   CRUZE ANTHONY WHITE, | |
| Defendants. | |

Clifford B. Wardlaw, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN  55415, for plaintiff.

Andrea K. George, Assistant Federal Defender, **OFFICE OF THE FEDERAL DEFENDER**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for defendant Donald Leigh Clark, Jr.

Paul C. Engh, **ENGH LAW OFFICE**, 220 South Sixth Street, Suite 215, Minneapolis, MN 55402, for defendant Cruze Anthony White.

This matter is before the Court on defendant Cruze Anthony White's objections to a Report and Recommendation (R&R) issued by Chief United States Magistrate Judge Arthur Boylan on April 15, 2011.  (Docket No. 71.)  White and Clark moved to dismiss the indictments on the basis that the grand jury was not presented evidence supporting his claim of self-defense.  (Docket Nos. 62, 64.)  The Magistrate Judge recommended denying the motion.  White objects that the grand jury was unable to independently evaluate the evidence without a presentation of the evidence of his self-defense claim.

The court has conducted a *de novo* review of those portions of the R&R to which defendant objects.   28 U.S.C. § 636(b)(1)(C), D. Minn. L.R. 72.2.  Because judicial intervention in the grand jury process is not warranted under the facts of this case, the Court overrules the objection, adopts the R&R, and dismisses the motion.

## BACKGROUND

Clark and White were each charged with one count of murder in the first degree, one count of murder in the second degree, two counts of assault with intent to commit murder, one count of assault with a dangerous weapon, and one count of discharging a firearm during the commission of a crime of violence.  (Docket No. 1.)  The charges stem from the defendants' alleged shooting of Julian DeMarris, Jerrick DeMarris, and Orland Spears on November 3, 2010.   Julian DeMarriss died as a result of gunshot wounds.  Jerrick DeMarris and Orland Spears were both injured in the incident.   A grand jury issued the indictments after hearing the government's evidence against the defendants,[1] but without being presented evidence regarding defendants' claim of self-defense.  White asserts this casts grave doubt as to the fundamental fairness of the grand jury's indictment.[2]

---

[1] The Court summarizes the facts only to the extent necessary to resolve the issue before it.  A more comprehensive recitation of the facts can be found in the Magistrate Judge's R&R. (Docket No. 71.)

[2] The initial motion to dismiss was filed by White (Docket No. 62) and joined by Clark. (Docket No. 64.)  Only White filed objections to the R&R.  (Docket No. 72.)

# ANALYSIS

"The proceedings of a grand jury are afforded a strong presumption of regularity, and a defendant faces a heavy burden to overcome that presumption when seeking dismissal of an indictment."  *United States v. Exson*, 328 F.3d 456, 459 (8th Cir. 2003). "Dismissal due to errors in grand jury proceedings is appropriate only if the defendant shows actual prejudice."  *Id.* (citing *United States v. Kouba,* 822 F.2d 768, 774 (8th Cir. 1987)).  "It has never been thought that an indictment, in order to be sufficient, need anticipate affirmative defenses . . . ."  *United States v. Sisson*, 399 U.S. 267, 288 (1970). Rather, an indictment is sufficient if it sets forth each element of the crime to be charged. *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998).   Clark asserts that dismissal of the indictment is warranted since the grand jury could not independently evaluate the government's evidence in the absence of his evidence of self-defense.  As a result, he argues the "guilty" parties were classified as victims, and he stands as an innocent defendant.

However, a defendant is presumed innocent until proven guilty beyond a reasonable doubt on every element of the offense charged.  *Clark v. Arizona*, 548 U.S. 735, 766 (2006).  The Court fails to see cause for any doubt in the grand jury proceeding since the indictment is sufficient, *Hamling v. United States*, 418 U.S. 87, 117 (1974), and the presumption of regularity lies strongly in favor of the grand jury's determination. *Exson*, 328 F.3d at 459.  Self-defense is an affirmative defense and not an element of any of the crimes charged.  The absence of this evidence in the grand jury process does not render the indictment deficient.  *Sisson*, 399 U.S. at 288.  Further, Clark alleges no

prosecutorial misconduct or bias calling into question the fundamental fairness of the grand jury that issued the indictment.  *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 259 (1988).  Therefore, the Court overrules the objection, adopts the R&R, and denies the motion to dismiss the indictment.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** defendant Clark's objection [Docket No. 72] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated April 15, 2011 [Docket No. 71].

Accordingly, **IT IS HEREBY ORDERED** that defendants' Motion to Dismiss the Superseding Indictment [Docket No. 62] is **DENIED.**

DATED:  May 23, 2011            _s/ John M. Tunheim_____
at Minneapolis, Minnesota.             JOHN R. TUNHEIM
                                  United States District Judge